UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RODOLFO CARR,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WILLIAM COLON, ET AL.,<br>　　　　Defendants. | )<br>)<br>)<br>)　　C.A. No. 11-11700-WGY<br>)<br>)<br>) |

PROCEDURAL ORDER

On September 26, 2011, plaintiff filed this civil action but failed to pay the filing fee or to seek a waiver thereof.

A party bringing a civil action must either (1) pay the $350.00 filing fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[1]

Accordingly, within 21 days of this Procedural Order, plaintiff either shall (1) pay the $350.00 filing fee; or (2) file an application to proceed in forma pauperis accompanied by a certified prison account statement. Failure of the plaintiff to comply with this directive may result in the dismissal of this action.

For the convenience of litigants, this Court provides a form application to seek leave to proceed in forma pauperis. The Clerk shall provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs.

The Clerk shall also send a copy of this Procedural Order to the Treasurer's Office at the prison facility in which plaintiff is incarcerated, in order to facilitate any request by the plaintiff for his certified prison account statement. The Court requests that the Treasurer's Office include in any prison account statement the plaintiff's average monthly deposits for the six-month period preceding the date the complaint was filed, as well as the average monthly balance for that same period.

SO ORDERED.

September 28, 2011　　　　　　　　/s/ William G. Young
DATE　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $350.00 filing fee, notwithstanding the grant of in forma pauperis status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).