UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RODOLFO CARR,
      Plaintiff,

v.

WILLIAM COLON, ET AL.,
      Defendants.

C.A. No. 11-11700-WGY

MEMORANDUM AND ORDER

YOUNG, D.J.

On September 26, 2011, prisoner Plaintiff Rodolfo Carr ("Carr") filed a 26-page handwritten Complaint pursuant to, *inter alia*, 42 U.S.C. § 1983. He named as Defendants fifteen state prison officials, prison guards, and other prison staff.[1] Attached to the Complaint was a 107-page package of exhibits, including letters, grievance and appeal forms, and other documents.

On October 24, 2011, this Court issued a Memorandum and Order (Docket No. 9) finding the Complaint to be convoluted, since it was set forth in a narrative form, listing a chronology of the myriad of his adverse experiences with prison staff and other inmates. This Court found the Complaint failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and directed Carr to file an Amended Complaint in accordance with Rule 8, providing sufficient notice of the "who, what, when where, and why" information outlining the

---

[1]Defendants included: (1) William Colon; (2) Marlon Medero; (3) Kevin Fountaine; (4) Lisa Castoldi; (5) Christopher Hyde; (6) Pamela M O'Dell; (7) Joshua Frates; (8) Guard Griffin; (9) Superintendent Thomas Dickhaut; (10) Bonnie Werner; (11) Kristie Ladouceur; (12) Former Commissioner Harold W. Clarke; (13) Commissioner Luis Spencer; (14) John Beland; and (15) Paul Oxford.

claims against each Defendant separately. In order to assist Carr, this Court suggested that he list separate counts as to each Defendant, identifying each cause of action and avoiding a collective assertion of liability of the Defendants.

Carr filed several motions to extend the time for filing his Amended Complaint, which were allowed by this Court. On February 24, 2012, Carr filed an Amended Complaint (Docket No. 14) which consisted of 37 hand-written pages, and 43 exhibits in support, for a total of 139 pages. Carr's Amended Complaint names new Defendants. The Defendants now named are: (1) William Colon; (2) Marlon Medero; (3) Kevin Fountaine; (4) Lisa Castoldi; (5) Christopher Hyde; (6) Pamela M O'Dell; (7) Joshua Frates; (8) Guard Griffin; (9) Superintendent Thomas Dickhaut; (10) Guard Tatro; (11) Kristie Ladouceur; (12) Lt. Keezer; (13) Guard Beach; (14) Lawrence Weiner; and (15) Dentist Oh. Omitted in the list of Defendants are Bonnie Werner, Former Commissioner Harold W. Clarke, and Commissioner Luis Spencer. Carr alleges that the Defendants have retaliated against him by using mental and physical techniques of coercion, including threatening and hitting him, in order to intimidate and punish him and ensure that he will not complain again through the grievance system or in the courts. He also reasserts his claim that there is a lack of security and safety measures in the dining hall, and that this subjects him to threats of violence and serious physical harm. Finally, he contends he is denied appropriate medical care because he has been deprived of a set of dentures needed to chew his food.

Although Carr attempts to remedy the pleading deficiencies in the original Complaint, he again lists a chronology of adverse events ("the facts"), and then makes general allegations

against the Defendants separately. There are no separate counts and there is no identification of the specific actions and dates upon which he liability is based against each Defendant. Thus, it is difficult to discern precisely the actions or inactions of each Defendant that give rise to liability. Nevertheless, despite the fact that the Amended Complaint is not pristine, this Court credits Carr's efforts to set forth his claims separately, and will permit this action to proceed at this time. The Defendant(s) may file a Motion for a More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure if necessary to file a response to the Amended Complaint.

Accordingly, the Clerk will be directed to issue summonses as to each Defendant named in the Amended Complaint, and to terminate those Defendants named in the original Complaint but not the Amended Complaint.

Further, because Carr has been permitted to proceed *in forma pauperis*, this Court will direct that the United States Marshal Service effect service as directed by Carr, and advance the costs of service. Notwithstanding that Carr is proceeding *pro se*, he is not entitled to free copies of the Amended Complaint from this Court; however, the Clerk shall provide one copy of the Amended Complaint along with the summonses.

Finally, Carr may not file any further Amended Complaints without leave of Court upon motion and good cause shown <u>after</u> the Defendants have filed a response(s) to the Amended Complaint.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. The Clerk shall issue summonses with respect to: (1) William Colon; (2) Marlon Medero; (3) Kevin Fountaine; (4) Lisa Castoldi; (5) Christopher Hyde; (6) Pamela M O'Dell; (7)

Joshua Frates; (8) Guard Griffin; (9) Superintendent Thomas Dickhaut; (10) Guard Tatro; (11) Kristie Ladouceur; (12) Lt. Keezer; (13) Guard Beach; (14) Lawrence Weiner; and (15) Dentist Oh;

2. The Clerk shall terminate Defendants (1) Bonnie Werner; (2) Former Commissioner Harold W. Clarke; and (3) Commissioner Luis Spencer as parties to this action;

3. The Clerk shall send the summonses, a copy of the Amended Complaint, and this Memorandum and Order to the Plaintiff, who must thereafter serve the Defendants in accordance with Federal Rule of Civil Procedure 4(m). The Plaintiff may elect to have service made by the United States Marshal Service. If directed by the Plaintiff to do so, the United States Marshal shall serve the summonses, Amended Complaint, and this Memorandum and Order upon each of the Defendants, in the manner directed by the Plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 120 days from the date of this Order to complete service; and

4. Plaintiff may not further amend the Complaint absent prior leave of Court.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

DATED: February 29, 2012